LAWRENCE J. HILTON (State Bar No. 156524)
lhilton@onellp.com
ROBERT D. HUNT (State Bar No. 247802)
rhunt@onellp.com
**ONE LLP**
23 Corporate Plaza
Suite 150-105
Newport Beach, California 92660
Telephone:  (949) 502-2870
Facsimile:   (949) 258-5081

*Attorneys for Plaintiff,*
MAACO FRANCHISOR SPV LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAACO FRANCHISOR SPV LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>L C CARTER, d/b/a CARTER'S AUTO BODY SHOP, an individual,<br><br>Defendant. | Case No. 3:24-cv-4006<br><br>**COMPLAINT FOR:**<br><br>**(1)  TRADEMARK INFRINGEMENT;**<br><br>**(2)  TRADEMARK COUNTERFEITING; AND**<br><br>**(3)  UNFAIR COMPETITION** |

**COMPLAINT**

Plaintiff MAACO FRANCHISOR SPV LLC ("Maaco"), for its causes of action against L C CARTER d/b/a CARTER'S AUTO BODY SHOP, alleges as follows:

## JURISDICTION AND VENUE

1. This is a civil action for infringement of Plaintiff Maaco's federally-registered trademarks and related causes of action. Jurisdiction therefore exists under 28 U.S.C. §1331 and 15 U.S.C. §1121(a).

2. Jurisdiction also exists under 28 U.S.S. § 1332 (a). Maaco is a limited liability company organized and existing under the laws of the State of Delaware. Maaco's sole ultimate member is Driven Brands, Inc., which is a Delaware corporation that maintains its principal place of business at 440 S. Church Street, Suite 700, Charlotte, NC 28202. Maaco is therefore a citizen of Delaware and North Carolina.

3. Maaco is informed and believes, and on that basis alleges, that Defendant L C Carter ("Carter") is an individual whose residence and domicile are in the State of California. Carter is therefor a citizen of the State of California. Thus, there is complete diversity of citizenship. The amount in controversy exceeds $75,000, exclusive of interest and costs.

4. Maaco is informed and believes and, on that basis, alleges that Carter resides in this District. Further, a substantial portion of the events giving rise to Maaco's claims arose in this District. Venue is therefore proper pursuant to 28 U.S.C § 1391.

## FACTS COMMON TO ALL COUNTS

5. Maaco offers franchises for the operation of Maaco Collision Repair & Auto Painting Centers using certain trade names, trademarks, service marks and related logos. Maaco is the owner of multiple registrations on the Principal Register of the United States Patent and Trademark Office including, without limitation, Registration Nos. 1084283, 1480014, 2853706, 1084252, and 4904491 (the "Maaco Marks"). Among those Marks is a composite mark with Registration No. 2,853,706, displaying the word "Maaco" and a stylized logo:

Prior U.S. Cls.: 100, 103 and 106

**United States Patent and Trademark Office**

Reg. No. 2,853,706
Registered June 15, 2004

**SERVICE MARK**
**PRINCIPAL REGISTER**

*Maaco*

6. Maaco is the owner of the word mark "America's Bodyshop," with Registration No. 4,904,491:

**United States of America**
United States Patent and Trademark Office

**AMERICA'S BODYSHOP**

Reg. No. 4,904,491       MAACO FRANCHISING, LLC (DELAWARE LIMITED LIABILITY COMPANY)
                          440 S. CHURCH STREET, SUITE 700
Registered Feb. 23, 2016  CHARLOTTE, NC 28202

Int. Cl.: 37              FOR: VEHICLE REPAIR, DENT REMOVAL, PAINTING, DETAILING AND REFINISHING
                          SERVICES, IN CLASS 37 (U.S. CLS. 100, 103 AND 106).

7. Carter is the holder of Bureau of Automotive Repair License Number 308244 under the name "Carter's Auto Body" with the address 610 Broadway St., Vallejo, CA 94590, and Carter is the registrant of the Fictitious Business Name Registration No. 2020000185 in Solano County, California for the fictitious name "Carter's Auto Body Shop."

8. The premises at 610 Broadway St., Vallejo, CA 94590, where Carter operates Carter's Auto Body Shop, were formerly a Maaco Collision Repair & Auto Painting Center. When the former Maaco shop closed, signage displaying the Maaco marks was not removed by the former franchisee or the property owner and remained plainly visible at the premises. Carter did not remove the signage displaying the Maaco Marks when he opened Carter's Auto Body

Shop but rather continued to display the Maaco Marks in a manner that was likely to confuse consumers into believing the business was associated with or endorsed by Maaco.

9. On January 5, 2024, Maaco's outside counsel sent a cease and desist letter to Carter at Carter's Auto Body Shop via Federal Express overnight delivery (the "Cease and Desist Letter"). The Cease and Desist Letter advised Carter of the Maaco marks and his unauthorized use of the marks, and demanded that he immediately cease and desist from the continued unauthorized use of the Maaco marks. Maaco's Counsel received confirmation from Federal Express on January 8, 2024 that the Cease and Desist Letter had been delivered. A true and correct copy of the Cease and Desist Letter is attached hereto as Exhibit A.

10. Following delivery of the Cease and Desist Letter, Carter partially covered (but did not remove) the signage but allowed the stylized Maaco logo and the mark "America's Bodyshop" to continue to be displayed prominently on signage at the premises.

## FIRST CLAIM FOR RELIEF

**(Trademark Infringement Under 15 U.S.C. § 1125(a))**

11. Maaco realleges and incorporates herein by this reference as though set forth in full each and every allegation contained in paragraphs 1 through 10, inclusive.

12. As alleged above, the Maaco Marks are the subject of a current, valid, uncancelled trademark registrations on the Principal Register (as that term is used in 15 U.S.C. §1115).

13. Despite receipt of the Cease and Desist Letter, Carter has engaged, and continues to engage, in the unauthorized use of the Maaco Marks in commerce in a manner that is likely to cause confusion, mistake or to deceive members of the public into believing that Carter's goods and services originated from or are affiliated with Maaco and its affiliates.

14. Carter's unauthorized use in commerce of the Maaco Marks is likely to cause confusion, or to cause mistake, or to deceive consumers, who are likely to erroneously believe that Carter has an ongoing affiliation or connection with Maaco and its affiliates, when in fact he does not and never did.

15. Carter's actions were and are knowing and willful efforts to exploit the goodwill associated with the Maaco Marks. Carter has diverted customers from actual Maaco franchisees.

1  The infringement was and is therefore knowing, willful and deliberate, and thus exceptional under
2  15 U.S.C. § 1117.

3      16.    As a result of the foregoing acts constituting infringement of the Maaco Marks, Maaco is entitled to recover any profits earned by Carter as a result of such wrongful actions, and treble damages suffered by Maaco according to proof at trial.

      17.    By reason of the acts of Carter as alleged herein, Maaco has suffered, is suffering, and will continue to suffer, irreparable damage unless Maaco is granted, preliminary during the pendency of this action, and thereafter permanently, an injunction preventing Carter from continuing his unlawful actions.

## SECOND CLAIM FOR RELIEF

### (Trademark Counterfeiting)

      18.    Maaco realleges and incorporates herein by this reference as though set forth in full each and every allegation contained in paragraphs 1 through 17, inclusive.

      19.    With actual knowledge that he had no rights to use the Maaco Marks, Carter has engaged, and continues to engage, in the unauthorized use of non-genuine marks that are identical to the registered, genuine Maaco Marks in connection with his competing business, which masquerades as a valid Maaco franchise and offers services identical to the services for which the genuine Maaco Marks were registered.

      20.    Carter's unauthorized actions, as described above, constitute violations of Sections 32(1)(a) and 34(d) of the Lanham Act, 15 U.S.C. §§ 1114(1)(a), 1116(d), and have at all times relevant to this action been willful and/or knowing.

      21.    As a result of Carter's use of a counterfeit mark, Maaco is entitled to an award of three times Carter's profits or Maaco's damages, whichever is greater or, in the alternative, statutory damages as provided in 15 U.S.C. § 1117.

      22.    As a direct and proximate result of the actions, conduct, and practices of Carter as alleged above, Maaco has suffered, and will continue to suffer, irreparable injury and damages in an amount to be proved at trial.

### THIRD CLAIM FOR RELIEF

### (Unfair Competition)

23. Maaco realleges and incorporates herein by this reference as though set forth in full each and every allegation contained in paragraphs 1 through 22, inclusive.

24. Carter's conduct as alleged hereinabove constitutes unlawful, unfair and fraudulent business practices and unfair competition in violation of California common law due to the unlawful acts outlined above, which includes but is not limited to the Lanham Act violations alleged hereinabove.

25. Because Carter has engaged in trademark infringement and trademark counterfeiting as alleged hereinabove, Carter has engaged in unlawful business practices in direct, contributory and/or vicarious violation of § 17200 of California's Business & Professions Code. By engaging in trademark infringement and trademark counterfeiting, Carter has gained an unfair business advantage by conferring upon himself the benefits of the goodwill Maaco fostered over years of brand development of the Maaco Marks.

26. These actions also fundamentally undermine the value of Maaco's trademarks as a business asset. Maaco is therefore entitled to appropriate damages according to proof, including but not limited to restitution, and appropriate injunctive relief to protect against any ongoing and further injury caused by Carter's unlawful and unfair business practices.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff MAACO FRANCHISOR SPV LLC prays for judgment in its favor and against Defendant L C CARTER as follows:

1. That the Court enter judgment in favor of MAACO FRANCHISOR SPV LLC against CARTER on all causes of action;

2. That the Court preliminarily and permanently enjoin CARTER and his agents, servants, employees, partners, attorneys and related entities and all persons acting for, with, by, through, or under them from continuing to use any trademark, service mark or tradename that infringes on any of the Maaco Marks;

3. That the Court award MAACO FRANCHISOR SPV LLC all of CARTER'S profits, all damages sustained by MAACO FRANCHISOR SPV LLC, including treble damages for an exceptional case, and the costs of this Action, including reasonable attorneys' fees, resulting from CARTER'S unauthorized use of the Maaco Marks;

4. That the Court award MAACO FRANCHISOR SPV LLC an award of three times CARTER'S profits or MAACO FRANCHISOR SPV LLC'S damages, whichever is greater or, in the alternative, statutory damages as provided in 15 U.S.C. § 1117, along with reasonable attorneys' fees, arising from CARTER'S counterfeit use of the Maaco Marks; and

5. For prejudgment interest;

6. For costs of suit herein incurred; and

7. For such other and further relief as the Court deems just and proper.

Dated: July 2, 2024

ONE LLP
LAWRENCE J. HILTON
ROBERT D. HUNT

By: _____
Lawrence J. Hilton

*Attorneys for Plaintiff,*
MAACO FRANCHISOR SPV LLC